**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFREY STEIN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:25-cv-02430 |
| DEPARTMENT OF JUSTICE | * |
| 950 Pennsylvania Avenue, NW | * |
| Washington, DC  20530, | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Jeffrey Stein brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Privacy Act, 5 U.S.C. § 552a, *et seq.* (collectively "FOIA/PA"), the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1)(D), 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5), 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jeffrey Stein ("Stein") is a U.S. citizen and is a resident of the District of Columbia. Stein is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701 and is in possession and/or control of the records requested by Stein which are the subject of this action.

5. The Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are DOJ components. FBI has unreasonably delayed issuing a final agency decision in this case and has accordingly caused Stein an informational injury.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (FOIA/DJA – NEWS MEDIA DENIAL – 1467530-000, 1467530-001)

6. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

7. On 28 May 2020, Stein's undersigned counsel electronically submitted to FBI a FOIA/PA request on behalf of Stein for "all information maintained or controlled by FBI mentioning Mr. Stein, including but not limited to emails mentioning his name sent or received by officials in the Office of the Director; Office of the Chief of Staff; Washington Field Office; National Security Branch; Criminal, Cyber, Response, and Services Branch; Office of Congressional Affairs; Office of the General Counsel; Office of Public Affairs; Records Management Division; and Security Division." Stein added that FBI may limit the search of email accounts to emails sent or received since 2015 but that it may not limit the search of

investigative systems to any particular date range. Stein further stated, "This request is for all records MENTIONING Mr. Stein, regardless of where they might be located. As such, a full-text keyword search of permutations of 'Jeff Stein' or 'Jeffrey Stein' is appropriate, which may then be narrowed by the fact that he is a reporter. Any emails, records, or communications with the word 'Stein' either in the subject or body of the document should definitely be considered responsive unless obviously and demonstrably about something other than the reporter Jeff Stein."

8. In this request, Stein was identified as a reporter.

9. Stein is normally classified as a representative of the news media by FBI and is well-known to the FBI FOIA office as a representative of the news media, due in part to being involved in several long-running FOIA cases against FBI.

10. On 25 June 2020, FBI responded to Stein's request and assigned it Request No. 1467530-000.

11. FBI refused to confirm or deny the existence of any responsive records, claiming that the request was for "records on one or more third party individuals."

12. On 2 July 2020, Stein's undersigned counsel advised FBI by fax that the request was a first-party request made under both FOIA and the Privacy Act and attached an authorization and privacy waiver.

13. On 19 November 2021, Stein's undersigned counsel requested a status update from FBI regarding Stein's request.

14. On 23 November 2021, FBI again claimed that Stein was requesting information about third-party individuals.

15. Over several email exchanges on 23-24 November 2021, FBI alleged that it had not received the 2 July 2020 fax and that it had closed Stein's request on 24 June 2020, the day before it issued its first response.

16. FBI also stated that it was reopening the request and assigned it Request No. 1467530-001.

17. On 2 December 2021, FBI improperly classified Stein as "a general (all others) requester." FBI provided no explanation for the fee category determination.

18. On 5 December 2021, Stein appealed FBI's fee category determination to OIP.

19. Stein's appeal stated, "He is clearly a representative of the news media, as FBI well knows, having correctly classified him as such in the past. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues, and his SpyTalk blog is one of the most recognized national security news blogs in existence. Mr. Stein has clear intent to publish or otherwise disseminate information to the public, and there is no basis for FBI's determination to the contrary."

20. On 5 December 2021, OIP acknowledged Stein's appeal and assigned it Appeal No. A-2022-00395.

21. On 21 July 2022, OIP denied Stein's appeal.

22. OIP conceded that Stein works as a representative of the news media.

23. OIP argued that Stein failed to "identif[y] a potential audience interested in the information your client is currently requesting, which is information pertaining to your client."

24. An agency may only make a fee category determination based on the nature of the requester, not the subject matter.

25. Stein has a legal right under FOIA and the Declaratory Judgment Act to be classified as a representative of the news media and to receive a declaratory judgment that he is a representative of the news media, and there is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION

### (PRIVACY ACT/DJA – FEE ASSESSMENT – 1467530-000, 1467530-001)

26. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

27. Stein's original 28 May 2020 request specified that it "should be processed under both FOIA and the Privacy Act" and added, "Since this is a first-party request (Mr. Stein is to be treated as the sole requester), we do not anticipate being assessed any fees."

28. FBI's 2 December 2021 letter classifying Stein as an "all other" requester made no mention of the fact that Stein was a first-party requester utilizing the Privacy Act and that accordingly no fees would be assessed.

29. Stein's 5 December 2021 appeal again stated, "Moreover, as this is a first-party request for Mr. Stein's own records, there is additionally no basis for FBI to charge any fees under the Privacy Act."

30. OIP's 21 July 2022 letter denying Stein's appeal made no mention of the fact that Stein was a first-party requester utilizing the Privacy Act and that accordingly no fees would be assessed.

31. The Privacy Act contains no provision for the assessment of fees to first-party requesters.

32. Stein has a legal right under the Privacy Act and the Declaratory Judgment Act to receive his requested records without being assessed fees and to receive a declaratory judgment

that FBI may not assess fees to first-party FOIA/PA requesters, and there is no legal basis for the denial by FBI of said right.

### THIRD CAUSE OF ACTION

### (FOIA/PA/DJA – IMPROPER PLACEMENT IN QUEUE – 1467530-000, 1467530-001)

33.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

34.     On 11 January 2022, FBI advised Stein that "the estimated date on which the FBI will complete action on your request is 1,964 days from the date the FBI opened your request."

35.     On 16 October 2023, FBI advised Stein that "complex requests in the medium processing track are currently averaging 1,230 days" and that, since his request was in the complex request medium processing track, the estimated date of completion for his request is March 2025.

36.     March 2025 is 1,230 days from November 2021, not from May 2020.

37.     1,230 days from 28 May 2020 was 10 October 2023, less than a week before FBI issued the new estimated date of completion.

38.     Upon information and belief, FBI is processing Stein's request as though it had been first received in November 2021, when it reopened the request, and not according to its actual May 2020 submission date.

39.     It is unclear if FBI was always using the November 2021 date or if it altered its calculation in October 2023 to avoid acknowledging that its estimated date of completion had already passed, which would require it to provide an estimated date of completion which was not based on average response times.

40. Stein has a legal right under FOIA and the Declaratory Judgment Act to receive a declaratory judgment that his request must be processed according to the date he originally submitted it to FBI and an injunction requiring FBI to provide him with a new estimated date of completion, and there is no legal basis for the denial by FBI of said right.

## FOURTH CAUSE OF ACTION

### (FOIA/PA – RECORDS DENIAL – 1467530-000, 1467530-001)

41. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

42. Stein submitted his request on 28 May 2020.

43. FBI accordingly had until 25 June 2020 to issue a final determination under FOIA.

44. On 12 June 2024, Stein appealed FBI's failure to respond to OIP.

45. Stein stated, "This request was submitted on 28 May 2020. On 18 April 2024, almost four years later, FBI informed me that the request was 'awaiting assignment to a Disclosure analyst.' This lethargic pace is unacceptable, especially for a Privacy Act request, where there is no constructive exhaustion mechanism. Mr. Stein accordingly elects to treat FBI's lack of a response as a denial and appeals this action to OIP."

46. On 13 June 2024, OIP acknowledged Stein's appeal and assigned it Appeal No. A-2024-01914.

47. On 13 September 2024, OIP closed Stein's appeal, stating, "Department of Justice regulations provide for an administrative appeal to [OIP] only after there has been an adverse determination by a component. . . . As no adverse determination has yet been made by the FBI on the merits of your client's request, there is no action for this Office to consider on appeal."

7

48. OIP added, "As you may know, the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond." OIP did not mention—or even acknowledge—that Stein's request had also been made pursuant to the Privacy Act.

49. As of this writing, FBI has not issued a final determination. In fact, as of 27 July 2025, FBI's FOIA/PA request tracking system merely states, "The FBI's FOIPA Program is processing your request in accordance to the Freedom of Information and Privacy Acts guidelines."

50. Accordingly, Stein has exhausted all required administrative remedies.

51. Stein has a legal right under FOIA/PA to receive the information responsive to his request, and there is no legal basis for the denial by FBI of said right.

## FIFTH CAUSE OF ACTION

### (PA/APA – UNREASONABLE DELAY OF DECISION – 1467530-000, 1467530-001)

52. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

53. Stein submitted his request on 28 May 2020, asking that it be processed under both FOIA and the Privacy Act.

54. As of 27 July 2025, FBI's FOIA/PA request tracking system merely states, "The FBI's FOIPA Program is processing your request in accordance to the Freedom of Information and Privacy Acts guidelines."

55. If this Court concludes that Stein's attempt to appeal this request to OIP was insufficient to exhaust his administrative remedies under the Privacy Act, the scope of the Court's review of any FBI withholdings would arguably be limited to whether they are exempt

under FOIA, not whether they are exempt under both FOIA and the Privacy Act, as is normally the case.

57. 56. However, the APA authorizes courts to "compel agency action . . . unreasonably delayed." A decision to release or withhold records requested under the Privacy Act is a final agency action subject to the APA.

57. Because of FBI's unreasonable delay and OIP's refusal to remedy it, Stein has suffered an informational injury, in that he has not received the information *about himself* which is maintained by the Government, and to which he is legally entitled, for over five years.

58. Stein has a legal right under the Privacy Act and the APA to be issued a final determination by FBI regarding his Privacy Act request within a reasonable amount of time, and there is no legal basis for the denial by FBI and OIP of said right.[1]

## **SIXTH CAUSE OF ACTION**

## **(FOIA/PA – RECORDS DENIAL – 1608121-001)**

59. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

60. On 14 October 2023, Stein's undersigned counsel electronically submitted to FBI a FOIA/PA request on behalf of Stein for "ALL tabs of [the FOIA Document Processing System], including empty ones, associated with his FOIA Request No. 1467530 (including all numbers after the hyphen, e.g. -000, -001, -002)."

61. On 18 October 2023, FBI responded to Stein's request and assigned it Request No. 1608121-000.

---

[1] To be clear, if this Court concludes that Stein's 12 June 2024 appeal was sufficient to exhaust administrative remedies under the Privacy Act, this count may be dismissed as moot.

9

62. FBI asserted that all of the requested information "is currently in draft form which is exempt from disclosure pursuant to 5 U.S.C. § 552 (b)(5)."

63. Stein did not appeal this determination.

64. On 4 March 2024, Stein's undersigned counsel electronically submitted to FBI a FOIA/PA request virtually identical to Request No. 1608121-000.

65. This request concluded, "This is a resubmission of FOIA/PA Request No. 1608121-000. Please process this request fully in light of the passage of time since that request was processed." The request specified that it was being made pursuant to both FOIA and the Privacy Act.

66. On 26 March 2024, FBI responded to Stein's request and assigned it Request No. 1608121-001.

67. FBI again asserted that all the requested information is exempt under FOIA Exemption (b)(5), adding this time that it is also exempt under FOIA Exemption (b)(7)(E).

68. On 31 March 2024, Stein appealed FBI's determination to OIP.

69. Stein stated, "Even if some information in FDPS is properly exempt under FOIA Exemption (b)(5), so-called 'draft' records are not categorically exempt, and FBI must be able to identify how the disclosure of each piece of withheld information could foreseeably be expected to harm a deliberative process in order to satisfy Exemption (b)(5)."

70. Stein added, "Moreover, FBI failed to process the request under the Privacy Act, which is fatal to its claim, since the deliberative process privilege is not a recognized Privacy Act exemption."

71. Stein added, "FBI has additionally tacked on an Exemption (b)(7)(E) claim which it did not claim the last time Stein requested these records, either in recognition of the weakness

10

of its Exemption (b)(5) claim or as part of a practice of treating administrative processing materials as categorically exempt under Exemption (b)(7)(E), which it has already been warned by one court not to do."

72. Stein additionally appealed the adequacy of FBI's search and its implicit determination that no reasonably segregable non-exempt information existed, concluding, "In fact, the complete absence of segregable information from FBI's response demonstrates that it is improperly claiming categorical exemptions, since some of the data in FDPS would be on its face releasable, since FDPS also includes correspondence exchanged with requesters and records documenting decisions about which requesters have already been informed. FBI's laughable claim that no segregable information exists proves that it did not perform a line-by-line review as required by FOIA."

73. On 1 April 2024, OIP acknowledged Stein's appeal and assigned it Appeal No. A-2024-01242.

74. OIP accordingly had until 26 April 2024 to issue a final appeal determination.

75. On 12 June 2024, Stein asked OIP to provide an estimated date of completion for this appeal.

76. On 14 June 2024, OIP stated, "After further discussion, it is difficult to predict accurately when a final determination will be made on your appeal. However, I anticipate that it will take at least another 4 weeks to complete your appeal."

77. On 12 July 2024—four weeks after 14 June 2024—Stein asked OIP to provide an estimated date of completion for this appeal.

78. On 15 July 2024, OIP stated, "After further discussion, I anticipate that it will take at least another 2-3 months to complete your appeal."

79. As of this writing, OIP has not issued a final appeal determination.

80. Accordingly, Stein has exhausted all required administrative remedies.

81. Stein has a legal right under FOIA/PA to receive the information responsive to his request, and there is no legal basis for the denial by FBI and OIP of said right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jeffrey Stein prays that this Court:

(1) Order the Federal Bureau of Investigation to release all requested records to him;

(2) Declare that Stein is a representative of the news media;

(3) Declare that FBI may not assess fees to a first-party FOIA/PA requester, and accordingly order FBI to provide all responsive records at no charge;

(4) Declare that FBI must process Stein's first request according to its original submission date, and accordingly order FBI to provide a new estimated date of completion to Stein;

(5) If appropriate, order FBI to issue a final agency determination regarding Stein's Privacy Act request;

(6) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(7) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(8) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(9) Grant such other relief as the Court may deem just and proper.

Date:   July 27, 2025

                                          Respectfully submitted,

                                          <u>/s/ Kelly B. McClanahan</u>
                                          Kelly B. McClanahan, Esq.
                                          D.C. Bar #984704
                                          National Security Counselors
                                          1451 Rockville Pike
                                          Suite 250
                                          Rockville, MD  20852
                                          501-301-4672
                                          240-681-2189 fax
                                          Kel@NationalSecurityLaw.org

                                          *Counsel for Plaintiff*