UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 25-2430 (JMC) |

## **ANSWER**

Defendant Department of Justice (the "Department" or "Defendant") respectfully files an answer to the Plaintiff Jeffrey Stein's complaint (the "Complaint"), ECF No. 1, in this case brought pursuant to the Freedom of Information Act ("FOIA"). To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant reserves their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

## JURISDICTION[1]

1. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA and pursuant to 5 U.S.C. § 552(a)(4)(B).

## VENUE

2. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant admits that the Department of Justice (the "Department") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701, which is subject to the requirements of the FOIA. The remainder of the allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge at this time to admit or deny. Defendant avers that it is processing those records potentially responsive to Plaintiff's requests.

5. Defendant admits that the Federal Bureau of Investigation ("FBI") and the Office of Information Policy ("OIP") are components of the Department. The remainder of the

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (FOIA/DJA – NEWS MEDIA DENIAL 1467530-000, 1467530-001)

6. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

7. Defendant admits only that the FBI received a FOIA request from Plaintiff dated May 28, 2020. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

8. Defendant admits that Plaintiff's May 28, 2020 FOIA request alleged that Mr. Stein is a reporter. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

9. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

10. Defendant admits that by letter dated June 25, 2020, the FBI responded to Plaintiff's FOIA/Privacy Act ("FOIPA") request 1467530-000. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

11. Defendant respectfully refers the Court to the June 25, 2020, letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

12. Defendant denies that it received a fax from Plaintiff's counsel on or about July 2, 2020.

13. Defendant admits that it received an email from Plaintiff's counsel on or about November 19, 2021. Defendant respectfully refers the Court to the cited email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

14. FBI admits sending Plaintiff's counsel an email on November 23, 2021. Defendant respectfully refers the Court to the cited email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

15. Defendant admits only that by email dated November 24, 2021, it advised Plaintiff that it had not received a privacy waiver for plaintiff's request, and as a result of Plaintiff providing a copy, the FBI would reopen the request. Defendant respectfully refers the Court to the cited emails for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

16. Defendant admits only that by email dated November 24, 2021, it advised Plaintiff that it had received Plaintiff's privacy waiver, and as such, the FBI would reopen Plaintiff's request. Defendant respectfully refers the Court to the cited emails for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

17. Defendant admits only that it sent Plaintiff a letter dated December 2, 2021, which advised Plaintiff that the FBI had determined that Plaintiff was in the general (all others) requester category, and would be charged applicable search and duplication fees. The remainder of this paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

18. Defendant admits that on December 5, 2021, Plaintiff submitted an administrative appeal of the FBI's fee category determination to the Department's OIP. Defendant respectfully

refers this Court to the cited appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

19. Defendant respectfully refers this Court to the cited December 5, 2021, appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

20. Defendant admits that by letter dated December 5, 2021, OIP acknowledged receipt of Plaintiff's administrative appeal of FOIPA request 1467530-001. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

21. Defendant admits that by letter dated July 21, 2022, OIP responded to Plaintiff's administrative appeal of FOIPA request 1467530-001. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

22. Defendant respectfully refers the Court to the cited July 21, 2022, letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

23. Defendant respectfully refers the Court to the cited July 21, 2022, letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

24. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant respectfully refers to the FOIA and denies any allegations inconsistent therewith.

25. This paragraph consists of conclusions of law and Plaintiff's requested relief, to which no response is required.   To the extent a response is required, denied.

## SECOND CAUSE OF ACTION

### (PRIVACY ACT/DJA – FEE ASSESSMENT – 1467530-000, 1467530-001)

26. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

27. Defendant respectfully refers the Court to the May 28, 2020, request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

28. Defendant admits only that it sent Plaintiff a letter dated December 2, 2021, which advised Plaintiff that the FBI had determined that Plaintiff was in the general (all others) requester category, and would be charged applicable search and duplication fees. To the extent a response is required, Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

29. Defendant respectfully refers this Court to the cited December 5, 2021, appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

30. Defendant admits that by letter dated July 21, 2022, OIP responded to Plaintiff's administrative appeal of FOIPA request 1467530-001. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

31. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Privacy Act for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

32. This paragraph consists of conclusions of law and Plaintiff's requested relief, to which no response is required. To the extent a response is required, denied.

## THIRD CAUSE OF ACTION

### (FOIA/PA/DJA – IMPROPER PLACEMENT IN QUEUE - 1467530-000, 1467530-001)

33. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

34. Defendant respectfully refers the Court to the cited January 11, 2022, email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

35. Defendant respectfully refers the Court to the cited October 16, 2023, email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

36. Denied. Defendant avers that the time between approximately November 2021 and approximately March 2025 is approximately 1,230 days.

37. Admitted that there 1,230 days between May 28, 2020, and October 10, 2023. Admitted that October 10, 2023, was less than a week before FBI's October 16, 2023, communication.

38. Defendant admits that it had provided estimated completion dates based on the reopening of Plaintiff's request in November 2021.

39. Defendant denies that it improperly placed Plaintiff's request in any incorrect queue. Defendant avers that Plaintiff's request has been assigned for processing on or about June 27, 2025.

40. This paragraph consists of conclusions of law and Plaintiff's requested relief, to which no response is required. To the extent a response is required, denied.

## FOURTH CAUSE OF ACTION

### (FOIA/PA – RECORDS DENIAL - 1467530-000, 1467530-001)

41. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

42. Defendant admits that the FBI received a FOIA request from Plaintiff dated May 28, 2020.

43. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, denied.

44. Defendant admits that on June 12, 2024, Plaintiff submitted an administrative appeal of FOIPA request 1467530-001 to OIP.

45. Defendant respectfully refers this Court to the cited June 12, 2024, appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

46. Defendant admits that by letter dated June 13, 2024, OIP acknowledged receipt of Plaintiff's administrative appeal of FOIPA request 1467530-001.

47. Defendant admits that by letter dated September 13, 2024, OIP responded to Plaintiff's administrative appeal of FOIPA request 1467530-001. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

48. Defendant respectfully refers the Court to the cited September 13, 2024, letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

49. Defendant admits that to date, it has not released responsive records or issued a final determination in response to FOIPA request 1467530-001 but denies that it failed to respond to Plaintiff's request. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the FBI's FOIA/PA request tracking system as of July 27, 2025, to which no

response is required. Defendant respectfully refers the Court to the cited website for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

50. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

51. This paragraph consists of conclusions of law and Plaintiff's requested relief, to which no response is required. To the extent a response is required, denied.

## FIFTH CAUSE OF ACTION

### (PA/APA – UNREASONABLY DELAY OF DECISION - 1467530-000, 1467530-001)

52. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

53. Defendant admits that the FBI received a FOIA request from Plaintiff dated May 28, 2020. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

54. Defendant respectfully refers the Court to the cited website as of July 27, 2025, for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

55. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Privacy Act and to the FOIA and denies any allegations inconsistent therewith.

56. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Administrative Procedure Act and denies any allegations inconsistent therewith.

57. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny.

58. This paragraph and footnote consist of conclusions of law and Plaintiff's requested relief, to which no response is required. To the extent a response is required, denied.

## SIXTH CAUSE OF ACTION

## (FOIA/PA – RECORDS DENIAL – 1608121-001)

59. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

60. Defendant lacks sufficient information or knowledge as to when Plaintiff's counsel submitted its request to the FBI. Defendant admits only that the FBI received a FOIA request from Plaintiff dated October 15, 2023. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

61. Defendant admits that by letter dated October 18, 2023, the FBI responded to Plaintiff's FOIPA request 1608121-000. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

62. Defendant respectfully refers the Court to the October 18, 2023, letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

63. Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations in this paragraph.

64. Defendant admits only that the FBI received a FOIA request from Plaintiff dated March 4, 2024. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

65. Defendant respectfully refers the Court to the March 4, 2024, request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

66. Defendant admits that by letter dated March 26, 2024, the FBI acknowledged Plaintiff's FOIPA request and assigned it 1608121-001.

67. Defendant respectfully refers the Court to the March 26, 2024, letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

68. Defendant admits that on March 31, 2024, Plaintiff submitted an administrative appeal of FOIPA request 1608121-001 to the Department's OIP.

69. Defendant respectfully refers this Court to the cited appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

70. Defendant respectfully refers this Court to the cited appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

71. Defendant respectfully refers this Court to the cited appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

72. Defendant respectfully refers this Court to the cited appeal for a complete and accurate description of its contents, and denies any allegations inconsistent therewith.

73. Defendant admits that by letter dated April 1, 2024, OIP acknowledged receipt of Plaintiff's administrative appeal of FOIPA request 1608121-001. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

74. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant refers the Court to the relevant legal authority and denies any allegations inconsistent therewith.

75. Defendant admits that by email dated June 12, 2024, Plaintiff asked OIP to provide an estimated date of completion for Plaintiff's administrative appeal. Defendant respectfully refers the Court to the email letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

76. Defendant admits that by email dated June 14, 2024, OIP responded to Plaintiff's June 12, 2024 email. Defendant respectfully refers the Court to the cited email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

77. Defendant admits that by email dated July 12, 2024, Plaintiff asked OIP to provide an estimated date of completion for Plaintiff's administrative appeal. Defendant respectfully refers the Court to the cited email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

78. Defendant admits that by email dated July 15, 2024, OIP responded to Plaintiff's July 12, 2024 email. Defendant respectfully refers the Court to the cited email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

79. Admitted that as of the date of the Complaint, OIP had not issued a final appeal determination. Defendant, however, avers that on August 15, 2025, OIP responded to Plaintiff's administrative appeal of FOIPA request 1608121-001. This letter advised Plaintiff that OIP issued a determination affirming the FBI's response to Plaintiff's FOIPA request 1608121-001. Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

80. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

81. This paragraph consists of conclusions of law and Plaintiff's requested relief, to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's requested relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant alleges the following affirmative defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

2. The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under FOIA, the Privacy Act, or the Administrative Procedure Act.

3. Defendant has not unlawfully withheld any records within the meaning of the FOIA or the Privacy Act.

4. Plaintiff is not entitled to compel production of any records that FOIA or another federal law exempts from disclosure.

5. Defendant has exercised due diligence in processing Plaintiff's requests, and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of one or more of the cited requests. *See* 5 U.S.C. § 552(a)(6)(C).

6. Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

7. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

8. Plaintiff failed to exhaust administrative remedies.

9. Plaintiff is neither eligible for nor entitled to attorney's fees under 5 U.S.C. § 552(a)(4)(E).

Dated: November 24, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      /s/ *Erika Oblea*
    ERIKA OBLEA, D.C. Bar # 1034393
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2567
    erika.oblea@usdoj.gov

*Attorneys for the United States of America*